UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EXPRESS SCRIPTS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:10CV2235 CDP |
| ) | |
| CARE CONTINUUM ) | |
| ALLIANCE, INC., ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Plaintiffs Express Scripts, Inc. and CuraScript, Inc. bring this action under federal and state trademark laws, alleging that defendant Care Continuum Alliance, Inc. has unlawfully used their CARECONTINUUM mark without permission. CuraScript is a health-care management company, and Express Scripts is its parent corporation. Care Continuum Alliance., Inc. is an association of 200 health-care companies. Plaintiffs allege that they have used the CARECONTINUUM mark since 1995 on CuraScript's patient-care products. They allege that in July of 2010, defendant Care Continuum began to use the mark, "THE CARE CONTINUUM ALLIANCE," on its products for health-care management; plaintiffs allege that this use infringes their trademark rights.

Defendant Care Continuum moves to dismiss the complaint for lack of personal jurisdiction and improper venue. Care Continuum asserts that it is a Massachusetts company with its principal place of business in Washington, D.C., and that it has insufficient minimum contacts with Missouri to satisfy due process. Plaintiffs respond that because Care Continuum has two Missouri members, it is subject to general personal jurisdiction here. Plaintiffs also argue that specific jurisdiction is proper because the effects of Care Continuum's infringement will be felt in Missouri. Although CuraScript is the owner of the mark and is a Delaware corporation based in Florida, plaintiffs argue that the effects of the infringement will be felt here because this is where the parent company, Express Scripts, is based. They also argue that because CuraScript has some employees in Missouri, the effects of the trademark infringement will be felt here. I agree with defendant that this Court's exercise of in personam jurisdiction fails to comport with due process, and so I will grant the motion to dismiss.

## **Discussion**

When a defendant challenges personal jurisdiction, the plaintiff has the burden of making a prima facie showing that personal jurisdiction exists. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). In determining whether plaintiff has made a prima-facie showing, the Court views the evidence in the light most favorable to the plaintiff and resolves factual conflicts in the plaintiff's favor.

*Digi-Tel Holdings, Inc. v. Protea Telecomms. (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996). Even so, plaintiff must produce some evidence; conclusory allegations are insufficient. *Dever v. Hentzen Coatings, Inc.* 380 F.3d 1070, 1072-73 (8th Cir. 1996). Instead, if defendant challenges jurisdiction through affidavits, documents, or other evidence, plaintiff must respond in kind. *See id.* at 1073 ("When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents.") (internal quotation marks and citation omitted). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." *Epps v. Stewart Info. Servs., Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

To exercise personal jurisdiction over a nonresident defendant, a court must ordinarily determine: (1) whether the defendant is subject to the forum state's long-arm statute, and (2) whether the exercise of personal jurisdiction would comport with due process. *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004). Both the Eighth Circuit and the Missouri Supreme Court have noted that Missouri's long-arm statute confers jurisdiction to the extent allowed by the Due Process Clause. *See Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) (citing *State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 892 (Mo. 1970)).

Accordingly, I need only consider whether the exercise of jurisdiction in this case comports with due process; if it does, Care Continuum would be subject to the long-arm statute, and if it does not, plaintiffs' claims should be dismissed for lack of personal jurisdiction. *See, e.g., Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000).

Due process does not support the exercise of personal jurisdiction by a state over a nonresident defendant who has no meaningful contacts or ties to that state. *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Instead, due process requires that the defendant have sufficient minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Id.* at 316; *accord Steinbach*, 518 F.3d at 585-86. Defendant's contacts must be such that defendant "should reasonably anticipate being haled into court" in the forum state. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). There must be some act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Epps*, 327 F.3d at 647-48 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). And, the defendant's contacts must be more than "random, fortuitous, or attenuated." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Within the Eighth Circuit, courts consider five factors to determine whether due process has been satisfied, the first three of which are the most important: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the connection of the plaintiff's cause of action to the defendant's contacts; (4) the interest of the forum state in the litigation; and (5) the convenience or inconvenience to the parties. *E.g., Johnson*, 614 F.3d at 794. With respect to the third factor, the Supreme Court has differentiated between general and specific personal jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). General jurisdiction exists when a nonresident defendant has "continuous and systematic" contacts with a forum state, such that courts in the state may exercise in personam jurisdiction over the defendant even where the cause of action or alleged injury is unrelated to those contacts or has no connection to the state. *E.g., Dever*, 380 F.3d at 1073. By contrast, a court may exercise specific jurisdiction over a nonresident defendant where the cause of action arises from, or is connected to, the defendant's contacts with the forum state. *See id.*

There is no evidence before me to suggest that Care Continuum's contacts with Missouri are continuous and systematic enough for this Court to have general jurisdiction over it. It is undisputed that Care Continuum is a Massachusetts corporation with its principal place of business in Washington, D.C. Moreover, in

an affidavit submitted in support of Care Continuum's motion to dismiss, Care Continuum's President and Chief Executive Officer avers that the company does not have an office or other place of business in Missouri, is not registered to do business in Missouri, and does not maintain an agent for service of process in Missouri. Care Continuum has no equipment, employees, bank accounts, or any other property in Missouri, and it has never conducted any seminars, presentations, workshops or other meetings in this state. Its Board of Directors has never met in Missouri.

Citing the fact that Care Continuum has two members that are Missouri companies, plaintiffs contend that Care Continuum has sufficient minimum contacts with the state. However, plaintiffs allege nothing, and present no evidence, about the nature or frequency of Care Continuum's contact with these member companies. In the absence of any such allegations or evidence, I cannot conclude that the presence of two of Care Continuum's member companies in this state is sufficient for this Court to exercise in personam jurisdiction over it. In any event, these two companies represent only 1% of Care Continuum's membership. Such contacts are insufficient. *See Health Care Equalization Comm. v. Iowa Med. Soc'y*, 851 F.2d 1020, 1030-31 (8th Cir. 1988) (no personal jurisdiction over nonresident defendant having less than one percent of its total membership in forum state).

Despite Care Continuum's undisputed lack of contacts with Missouri, plaintiffs contend due process is still satisfied because the Court has specific jurisdiction over Care Continuum. Citing *Calder v. Jones*, 465 U.S. 783 (1984), plaintiffs argue that due process is satisfied because the effects of Care Continuum's alleged mark infringement will be felt in Missouri, where Express Scripts has its principal place of business. *See id.* at 790-91 (personal jurisdiction existed over nonresident defendant when defendant intentionally aimed his tortious act at forum state, knowing that the brunt of plaintiff's injury would be felt in that state). This argument has several flaws, however.

To begin with, plaintiffs have failed to produce any evidence that the effects of Care Continuum's alleged mark infringement will be felt in Missouri. It is true that the Missouri long-arm statute permits the exercise of jurisdiction over nonresident defendants if the injury to the plaintiff occurs in Missouri. *See, e.g., Institutional Food Mktg. Assocs., Ltd. v. Golden State Strawberries*, 747 F.2d 448, 453 (8th Cir. 1984). It is also true that the Eighth Circuit has held that the injury in trademark infringement cases occurs in the state where the trademark owner has its principal place of business. *See, e.g., Dakota*, 946 F.2d at 1388-89. However, as Care Continuum points out, there is no evidence to suggest that the Missouri parent company, Express Scripts, owns or has any cognizable interest in the CARECONTIUUM mark. Instead, the only evidence before me indicates that it is

the wholly-owned subsidiary, non-Missouri resident CuraScript, who owns the mark.[1]

In response, plaintiffs argue that the benefits of the mark inure to the benefit of Express Scripts as the parent corporation of CuraScript, but that argument has no support in the law. *Cf. Gilbert/Robinson, Inc. v. Carrie Beverage-Mo., Inc.*, 758 F. Supp. 512, 528 (E.D. Mo. 1991) (parent corporation had standing to prosecute claims for trademark infringement when it owned the trademark used by subsidiary). Plaintiffs also allege that CuraScript maintains a place of business within Missouri, as senior corporate officers are located here and CuraScript conducts administrative activities here. Even if this is true, however, it would be insufficient for me to conclude that CuraScript will feel the effects of any mark infringement here. Its contacts are simply too limited. Moreover, plaintiffs have cited no Missouri or Eighth Circuit law suggesting that the exercise of personal jurisdiction over a nonresident defendant comports with due process merely because a mark owner does some business in the forum state, even where the owner is undisputedly not a forum state resident and there is no evidence that the tort occurred in the forum state.

---

[1] Plaintiffs allege that CuraScript is organized under the laws of Delaware, but they only allege that CuraScript has "*a* place of business" in Florida. Other evidence, including the address listed in CuraScript's mark application, indicates that CuraScript's principal place of business is indeed in Florida.

Even if plaintiffs could present some evidence that one of them owned the mark and was also a Missouri resident, however, those facts alone would not be sufficient for this Court to exercise personal jurisdiction over Care Continuum. The Eighth Circuit has narrowly construed the *Calder* effects test, holding that "mere effects in the forum state are insufficient to confer personal jurisdiction." *Jones*, 614 F.3d at 797; *see also Hicklin Eng'g, Inc. v. Aidco, Inc.*, 959 F.2d 738, 739 (8th Cir. 1992) (per curiam) ("Although [defendants'] promotion and solicitation may have had an effect on a competitor, absent additional contacts, this effect alone will not be sufficient to bestow personal jurisdiction."). Instead, plaintiff must present some evidence that defendants had other contacts with the forum state, and intentionally aimed their tortious activities to that state for the very purpose that their effects would be felt in that state. *See Johnson*, 614 F.3d at 796-97 (defendant's alleged defamatory comments about plaintiffs on website did not give rise to personal jurisdiction; no evidence that defendant "uniquely or expressly aimed her statements at Missouri," and there were insufficient minimum contacts between defendant and Missouri). Here, there is no evidence that Care Continuum directly targeted any alleged mark infringement at Missouri, knowing the brunt of the infringement would be felt here. Additionally, Care Continuum has no other contacts with Missouri to support the exercise of personal jurisdiction.

Plaintiffs also claim they have satisfied the *Calder* effects test because Care Continuum contacted Express Scripts before this litigation in an effort to resolve their dispute. Plaintiffs seem to argue that Care Continuum must have known the full brunt of its alleged tortious acts would be felt in Missouri because Care Continuum contacted Express Scripts and because Express Scripts is headquartered here. This argument is without merit. Even if plaintiffs adduced evidence that Care Continuum knew Express Scripts owned the mark and resided in Missouri, this fact alone this would be insufficient to confer personal jurisdiction under *Calder*; because there is no evidence that Care Continuum ever targeted this state or had any other contacts with it. *See id.* (no personal jurisdiction in forum state even though defendant knew, through her own work with plaintiffs, that they resided and worked in forum state; defendant's allegedly defamatory comments were not directed at forum state and defendant had insufficient minimum contacts with state); *cf. also Dakota*, 946 F.2d at 1391 (personal jurisdiction existed when plaintiff presented some evidence that defendants knew their allegedly trademark-infringing products were being directly shipped to forum state where plaintiff had its principal place of business, and there was also evidence that defendants had previously communicated with plaintiff about allegedly infringing conduct).

Moreover, to the extent that plaintiffs argue that the pre-litigation settlement discussions discussed above are sufficient minimum contacts, I disagree. By

themselves, these settlement discussions are insufficient to support the exercise of general jurisdiction, *see, e.g., Johnson*, 614 F.3d at 795, and they also fail to support specific jurisdiction, because plaintiffs' claims do not arise from any settlement discussions. *See id.* ("Specific jurisdiction is proper only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.") (internal quotation marks and citations omitted). Moreover, the Eighth Circuit has cautioned against using "unsuccessful settlement discussions as 'contacts' for jurisdictional purposes," as "[g]iving jurisdictional significance to such activities may work against public policy by hindering the settlement of claims." *Digi-Tel*, 89 F.3d 519, 525 (8th Cir. 1996).

For all of these reasons, plaintiffs have failed to satisfy their burden of showing that this Court's exercise of personal jurisdiction over Care Continuum would comport with due process. Plaintiffs request limited discovery to determine whether Care Continuum has sufficient contacts with this state, but there is nothing before me to indicate that any such discovery would be helpful. There is no indication that Care Continuum does any business with this state that it has not divulged. I will therefore grant Care Continuum's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#18] is granted, and this action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that defendant's original motion to dismiss [#10] is denied as moot.

A separate Order of Dismissal will be entered this same day in accordance with this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of June, 2011.